UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJIT DHESI,<br><br>  Plaintiff,<br><br>  v.<br><br>XPRESSION OF AWARENESS, INC.,<br><br>  Defendant. | Case No. 19-cv-04210-YGR   (JSC)<br><br>**DISCOVERY ORDER NO. 1**<br><br>Re: Dkt. Nos. 51, 52 |

Dr. Dhesi alleges Xpression of Awareness, Inc. violated the Telephone Consumer Protection Act by sending him and a class of similarly situated individuals fax communications. The matter has been referred to the undersigned magistrate judge for management of discovery. Now pending before the Court are two joint discovery dispute letters. (Dkt. Nos. 51, 52.)  After carefully considering the parties' submissions, the Court concludes that oral argument is not necessary, *see* Civ. L.R. 7-1(b), and rules as explained below.

**A. Dkt. No. 51**

Defendant must file an amended certification on or before April 28, 2020.  Its certification must be detailed as to the efforts it has taken to search for the relevant documents and signed under oath.  This joint letter should never have been submitted on this issue; instead, Defendant should have voluntarily filed a new certification when its obvious inadequacy was brought to its attention.  The Court expects that going forward Defendant will conduct itself accordingly.

Plaintiff's request to compel production of financial records is DENIED. While technically Defendant has waived relevancy objections by not timely responding to the requests, the Court in its discretion declines to order the documents produced as Plaintiff has not articulated any plausible basis for why such detailed private financial information is relevant and thus is not

prejudiced by Defendant's failure to timely object.  The denial is without prejudice should Defendant put its finances at issue through its affirmative defenses or otherwise; but at this early juncture it has not.

**B**.  **Dkt. No. 52**

Defendant need not produce the documents demanded in the deposition notice to Yessinia Garcia as none of the requested documents is relevant to a claim or defense in this action.  As Defendant has agreed to conducting these depositions via video, the depositions shall be scheduled to commence within 30 days of the date of this Order.

*** 

The Court has "cut Defendant some slack" in ruling on these discovery disputes. The Court expects that going forward Defendant will comply with the Federal Rules of Civil Procedure in a timely manner.  In addition, if the parties believe informal guidance from the Court may assist in resolving a brewing discovery dispute, they may contact the Court's Courtroom Deputy to set up a telephone conference with the Court.  No motion for fees or costs may be brought in connection with these discovery letter briefs.

This Order disposes of Docket Nos. 51 and 52.

**IT IS SO ORDERED.**

Dated:  April 21, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge